IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERVIN GAGAS,                                                    OPINION AND
                                                               ORDER
                    Plaintiff,
                                                               06-C-651-C
            v.

WISCONSIN CENTRAL, LTD.,

            Defendant and Third Party Plaintiff,

SAMUELS RECYCLING COMPANY and
RESIDUAL MATERIALS, INC.,

            Third Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        This case began as a claim by plaintiff Ervin Gagas under the Federal Employers

Liability Act, 45 U.S.C. § 51, for injuries he sustained while working for defendant

Wisconsin Central Ltd., a rail carrier.   However, the real dispute in this case appears to be

not whether plaintiff is entitled to compensation for injuries but rather who is obligated to

pay plaintiff.

        Although no party moved for summary judgment on plaintiff's claim, defendant and

third party defendant Samuels Recycling Company filed cross motions for summary

judgment on the issue whether Samuels was required to indemnify Wisconsin Central for

1

any amounts it paid to plaintiff.  In an order dated September 12, 2007, I denied these motions as unripe for review because plaintiff's claim against Wisconsin Central remained unresolved.  Now that plaintiff and Wisconsin Central have reached a settlement, dkt. #64, Wisconsin Central has asked that I revisit the motions for summary judgment.

Having done so, I conclude that both parties' motions must be denied.  I agree with Wisconsin Central that the indemnification agreement is not limited to a particular location, but I agree with Samuels that the agreement makes Wisconsin Central responsible for its own acts of negligence.  As a result, the case must proceed to trial to determine whether plaintiff's injuries resulted from Wisconsin Central's negligence or that of another person or entity.

From the parties' proposed findings of fact, I find the following facts to be undisputed.

## UNDISPUTED FACTS

Plaintiff Ervin Gagas is an employee of defendant Wisconsin Central, Ltd.  Wisconsin Central is a rail carrier that operates in Wisconsin, Minnesota and Illinois.  On December 8, 2003,  at Wisconsin Central's facility in Stevens Point, Wisconsin, plaintiff reported that a piece of scrap metal fell out of a railcar that was being moved and hit him on the head.

The railcar contained steel that had been purchased in November 2003 by third party

defendant Samuels Recycling Company from third party defendant Residual Materials, Inc. Third party defendant Residual Materials loaded the car with the purpose of shipping it via rail to Samuels's recycling facility in Waupaca, Wisconsin. While the shipment was en route, it was "interchanged to track belonging to" Wisconsin Central.

The shipment arrived in Stevens Point, where Wisconsin Central took one of the railcars carrying the shipment out of service because the scrap metal Samuels ordered "needed to be adjusted." It was as a result of the movement of that railcar that plaintiff was hit with a piece of scrap metal. After the order was adjusted, the shipment continued on to Samuels's facility on Waupaca, Wisconsin.

At the time of the accident, defendant and third party defendant Samuels had a contract that included the following indemnification agreement:

> [Samuels] and [Wisconsin Central] shall each be responsible for its own negligent act or omission and that of their respective employees or agents. Otherwise, [Samuels] shall indemnify and save harmless [Wisconsin Central], and any other railroad or railroad companies which use [Wisconsin Central]'s right-of-way, tracks or facilities ("other users"), from and against any loss or expense (including reasonable attorneys'' fees and paralegal's charges) in connection with railcars serving [Samuels] under this Track Lease which directly or indirectly injure (including death), or lose or damage property owned by, anyone (even if an employee of [Wisconsin Central] or Other Users). The negligent act or omission of one shall not affect or excuse the other party's liability hereunder.

## OPINION

The parties' summary judgment motions raise two questions regarding the obligation

of Samuels to indemnify Wisconsin Central: (1) whether an injury is covered only if it occurred on a particular section of track; and (2) whether Samuels must indemnify Wisconsin Central for its own acts of negligence.

The language of the indemnification agreement easily resolves both of these questions. With respect to the first question, I agree with Wisconsin Central that the agreement places no restriction on the location of the injury.  It says only that injury must have occurred "in connection with railcars serving [Samuels] under this Track Lease."  Samuels does not deny that the injury occurred "in connection with" a railcar that Wisconsin Central was using to deliver materials to Samuels .   Although Samuels argues that a railcar does not serve it "under this Track Lease" unless the car is on a particular portion of the track, it points to no language in the agreement that would support this interpretation.

Samuels relies instead  on  Huck v. Chicago, St. Paul, M. & O. Railway Co., 5 Wis. 2d 124, 126, 92 N.W.2d 349 (1958), but that case has no relevance to this lawsuit.  The indemnity agreement at issue in Huck included language missing in the agreement at issue in this case: a limitation to events occurring "on or about" a particular track.

The answer to the second question is even more obvious.  The agreement could not be any clearer: "[Samuels] and [Wisconsin Central] shall each be responsible for its own negligent act or omission and that of their respective employees or agents."  Wisconsin Central makes a number of tortured arguments to support its position that Samuels is

4

responsible for Wisconsin Central's negligence in some circumstances, but none of these arguments is persuasive.  No matter how hard Wisconsin Central tries to twist the rules of grammar and basic logic, it cannot escape the plain meaning of the provision: Wisconsin Central is responsible for its own negligence.

Unfortunately for Samuels, however, my conclusion does not mean that it is entitled to summary judgment.  Samuels appears to assume incorrectly that if it is not responsible for Wisconsin Central's negligence, there is nothing left to try.  Although plaintiff's claim under this suit was premised on a theory of negligence, that claim has not been proven. Thus, Wisconsin Central is still free to prove at trial that plaintiff's injury was not caused by any negligence on its part and that Samuels is therefore required to indemnify Wisconsin Central for the loss it has incurred.

ORDER

IT IS ORDERED that the motions for summary judgment filed by defendant Wisconsin Central, Ltd. and third party defendant Samuels Recycling Company are

DENIED.

Entered this 30th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge